306 So.2d 173 (1974)
STATE of Florida ex rel. ZUCKERMAN-VERNON CORP., a Florida Corporation, Appellant,
v.
CITY OF MIRAMAR, a Municipal Corporation, et al., Appellees.
No. 73-1329.
District Court of Appeal of Florida, Fourth District.
December 27, 1974.
*174 John S. Neely, Jr., and Frank E. Maloney, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Jerome F. Pollock of Hulmes, Dreiling, Pollock & Webber, Davie, for appellees.
WALDEN, Judge.
The trial court denied a petition for writ of mandamus and dismissed the cause. Petitioner appeals. We affirm. We do so on a fundamentally different basis than was given by the trial court in reaching its decision.
Omitting essentials and background not necessary for our decision  petitioner owned property and applied to the City for approval of a proposed plat and issuance of building permits thereunder. While the application was under consideration by the Council  not ruled upon one way or the other  petitioner sought mandamus relief. The thrust was not to compel the City to make a decision, but to bypass the City, seeking a court command directing the approval of the plat and the issuance of the permits upon the merits.
After trial the appealed judgment was entered. A review indicates that the matter was tried upon the merits  a complex process. While the judgment concluded with four lines that summarily and correctly denied relief, that decision was preceded by a number of pages containing what the trial court denominated as "conclusions." The conclusions dealt with the merits of the contentions and controversy as if the trial court were standing in the shoes of the City Council. After a review of historical development, the trial court found the application was in order, that certain re-zoning ordinances were invalid, but that the City was estopped to assert such invalidity; but that the City was not estopped to assert certain other invalidities and illegalities of the zoning plan.
We are not certain where the parties were left by the trial court observations. Could the City  being under no mandate  now entertain the plan and would it be bound under the law of the case or otherwise as to the validity of its ordinances and as to matters of estoppel? Because of the considerations we shall mention, it is our opinion that these matters were gratuitously addressed and hence such findings are without effect.
*175 It is our opinion that petitioner misconceived its remedy as mandamus was an improper vehicle. Mandamus applies to legal duties of a specific imperative character as distinguished from those that are permissive or discretionary. The distinction between ministerial and judicial duties is that the duty is ministerial when the law prescribes and defines it with such precision and certainty as to leave nothing to the exercise of discretion or judgment. Where the act to be done does involve the exercise of discretion or judgment, it is a judicial or discretionary duty. Fasenmyer v. Wainwright, 230 So.2d 129 (Fla. 1969); Green v. Walter, 161 So.2d 830 (Fla. 1964); State ex rel. Glynn v. McNayr, 133 So.2d 312 (Fla. 1961); Coral Gables v. State, 44 So.2d 298 (Fla. 1950); Somlyo v. Schott, 45 So.2d 502 (Fla. 1950).
Here, clearly, the consideration of the plan involved the exercise of judgment and discretion. Did the plan meet the zoning requirements? Were the zoning requirements legal and binding? What was the effect of certain condemnation proceedings and other changes upon density requirements? Was the City estopped?
The propriety of mandamus relief was raised in the City's Motion to Quash. That motion was erroneously denied and the City has not complained by cross-assignment of error or point. Apparently, and by way of guess, the City is content with the outcome of the cause and the possibility that it is relieved  although incorrectly  of the burden of deciding whether to approve the application. Thus, because of its basic incorrectness and the likelihood that the judgment may produce yet more litigation, and because the result may encourage impatient developers to misuse the writ, thereby usurping the prerogative of the legislative branch, we have decided to notice the issue on our own motion. Rule 3.7(i), F.A.R.
By way of complete comment, which we hope will be helpful, mandamus may lie in a proper case to compel the City to consider the application and render a decision. However, we remind that petitioner must first pursue and exhaust its administrative remedy by applying to the City Council and giving it a fair and reasonable opportunity to perform its proper duty.
In Coral Gables v. Sakolsky, 215 So.2d 329 (3d D.C.A.Fla. 1968), the court held that a petitioner seeking to compel a City Commission to grant an application was mistaken in his remedy:
"In the present case, Sakolsky made no effort to exhaust his administrative remedies. We have already alluded to his right to compel the Commission to take definitive action on his application by proper mandamus proceedings. He filed such action, but improperly sought to coerce the exercise of the Commission's discretion in his favor and not simply to compel the Commission to exercise its judgment within the orbit of its discretionary jurisdiction."
The court then found that, even if his action for mandamus had been proper in scope, it had been filed only ten days after a hearing by the Commission, and that was not long enough to warrant being compelled to act by judicial fiat.
In Miami Beach v. State, 108 So.2d 614 (3d D.C.A.Fla. 1959), a City Commission had refused to issue certain building permits. The trial court had issued a writ of mandamus finding that the ordinance relied upon by the City was invalid because it was improperly enacted. The trial court then went on to rule on the reasonableness of the ordinance, and that portion of the trial court ruling was eliminated as surplusage because "otherwise the question is being prejudged to the possible detriment of interested owners of other parts of the *176 area or undeveloped strip which would be affected thereby." Id. at 619. Therefore, surplusage in a trial court order may be disregarded.
The calendar of events in the instant case reveals: The application was made to the City Council on April 5, 1973. The application was tabled on April 16th and on April 30th a meeting was held to air objections to the plan. On May 7th the Council tabled the plan as a result of a Council decision to confer with attorneys and zoning experts. The plan was again tabled on May 14th  during the meeting there was debate as to the qualifications of the zoning experts to be employed by the City to report on the project. The plan was tabled again on June 4th, but that meeting was not transcribed into the record. This suit for mandamus was filed on June 28, 1973. There was, then, a two-month period from the plan application to the request for mandamus. It is evident that the Council had attempted a thorough investigation into the plan, an activity particularly appropriate to the administration of its duties.
It is our view from this record that the City, in light of the complexities, has not acted unseemly or with undue delay. However, if the City should now fail to act promptly and provide administrative action, nothing herein contained should be construed as indicative of a view that petitioner would not be entitled at law to compel a decision by the City.
For the foregoing reasons the conclusions contained in the appealed judgments are held for naught. The decision denying mandamus relief and dismissing the cause is
Affirmed.
OWEN, C.J., and BROWN, CECIL, Associate Judge, concur.