359 So.2d 509 (1978)
BROWARD COUNTY, Florida, a Political Subdivision of the State of Florida, L.A. Hester, Broward County Administrator, Gerald F. Thompson, Hugh Anderson, R.B. Barkelew, Ken Jenne, Anne Kolb, Jack L. Moss and J.W. Stevens, As Members of the Broward County Commission and Constituting the Broward County Commission, James V. Denkenberger, Jr., County Surveyor of Broward County, and John M. Gerren, Jr., Director of Transportation and Planning of Broward County, Florida, Appellants, Case No. 76-1920,
v.
NARCO REALTY, INC., a Pennsylvania Corporation Licensed to Do Business in the State of Florida, Appellee, Case No. 76-1920, Appellant, Case No. 77-868.
Nos. 76-1920, 77-868.
District Court of Appeal of Florida, Fourth District.
May 23, 1978.
Rehearing Denied June 28, 1978.
Harry A. Stewart and Betty Lynn Lee, Gen. Counsel for Broward County, Fort Lauderdale, for appellants in case No. 76-1920, for appellees in case No. 77-868.
Robert E. Ferris, Jr., of Gustafson, Caldwell, Stephens & Ferris, Fort Lauderdale, for appellees in case No. 76-1920 and for appellants in case No. 77-868.
DOWNEY, Chief Judge.
Broward County and certain officials thereof filed a plenary appeal in Case No. 76-1920 to review a Peremptory Writ of Mandamus commanding appellants to approve a subdivision plat of land located in the City of Parkland, Broward County, Florida.
Narco Realty, Inc., has filed an interlocutory appeal in Case No. 77-868 to review an order which denied appellant's (Narco Realty) motion for contempt and partially granted Narco's motion to compel.
Narco Realty, Inc., owns a tract of land in the City of Parkland which it proposes to subdivide. In furtherance of this plan Narco submitted its subdivision plat to the County Commission of Broward County for approval which was refused. Thereupon, Narco filed a Petition for Writ of Mandamus against the County and various county officials seeking to require them to approve the proposed plat so that it could be recorded. The plenary appeal by the County, et *510 al., is from the granting of the Peremptory Writ.
While the plenary appeal was pending, this court entered an Order requiring the County to post a supersedeas bond if it wished its appeal to supersede the Peremptory Writ. However, the County chose not to post the supersedeas bond, whereupon Narco asked the trial court to hold the County and its officials in contempt for refusing to follow the commands of the Peremptory Writ. Narco also requested the court to compel the County to approve the plat for record. The trial court denied the motion for contempt and ordered the County to approve the plat with certain conditions. The interlocutory appeal from that Order has been consolidated with the plenary appeal.
With regard to the full appeal from the issuance of the Peremptory Writ, the main thrust of appellant's attack is that the approval of a plat by the County Commission is a discretionary act and cannot be made the subject of a Writ of Mandamus. The appellant relies heavily upon our decision in State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA 1974), to support that principle.
Appellee contends, on the other hand, that its Petition for Writ of Mandamus and the stipulation of counsel at the hearing which gave rise to issuance of the Peremptory Writ demonstrate that there was no discretion remaining in the Commission in this case. The petition and stipulation show that all of the legal requirements for approval of a plat for recordation have been met. Those legal requirements are contained in Chapter 177, Florida Statutes (1975) and the Broward County Plat Act.[1]
It appears to be the County's contention that, even though Narco has complied with all of the legal requirements for platting land contained in the general law and Special Act, the County Commission still has the discretion to approve or to refuse approval of any plat, because both Chapter 177 and the Special Act provide for approval by the County Commission. We reject the County's construction that those provisions of the statutes give the County unbridled discretion to deny approval.
All persons similarly situated should be able to obtain plat approval upon meeting uniform standards. Otherwise, the official approval of a plat application would depend upon the whim or caprice of the public body involved. Yokley, in his work, Law of Subdivisions, § 52, states:
"Thus, while public policy requires municipal control of such development, nevertheless, the authority of a town to deny a landowner the right to develop his property by refusing to approve the plat of such development is, by statute, made to rest upon specific standards of a statute or implementing ordinances. Thereafter, the approval or disapproval of the plat on the basis of controlling standards becomes an administrative act."
Likewise, in Section 53 of the same work, the author states:
"When the statutes and ordinances have been complied with in making a plat of a subdivision, the active approval by a village board has been held to be ministerial, and such act may be enforced by a writ of mandamus."
4 Anderson, American Law of Zoning (Second Edition) § 26.04, (1976) states:
"Mandamus to compel plat approval has been successful where the court, applying common-law principles, determined that when a subdivider has complied with all of the standards for plat approval, such approval is a ministerial act which the court may compel through a writ of mandamus... ."
There are numerous cases which apply this same principle, among which are: Knutson v. State, 239 Ind. 656, 157 N.E.2d 469 (1959); People ex rel. Jackson & Morris, Inc. v. Smuczynski, 345 Ill. App. 63, 102 N.E.2d 168 (1951); People v. Village of Deerfield, 50 Ill. App.2d 349, 200 N.E.2d 120 (1964); Kling v. City Council of City of Newport Beach, 155 Cal. App.2d 309, 317 P.2d 708 (1957).
*511 Section 14 of the Broward County Plat Act, which pertains to the granting of approval of a plat provides that such approval may be "subject to such conditions as the governing body of the municipality and/or the Boards of County Commissioners or Public Instruction may deem to be in the best interest of the public." Without pursuing the validity of that provision which has not been attacked here, we hold that, having met all of the legal requirements for obtaining plat approval, the county must approve Narco's plat so that it can be recorded. Inasmuch as Narco has met all of the legal requirements for platting land, the county had no discretion to refuse this plat approval and the trial court was correct in issuing the Peremptory Writ of Mandamus.
We would distinguish our case of State ex rel. Zuckerman Corp. v. City of Miramar, supra. In Zuckerman the court expressly held:
"Here, clearly, the consideration of the plan involved the exercise of judgment and discretion. Did the plan meet the zoning requirements? Were the zoning requirements legal and binding? What was the effect of certain condemnation proceedings and other changes upon density requirements? Was the City estopped?" Id. at 175.
Whereas, in the case at bar, the property owner has done all the law required of him to entitle his plat to be recorded. At that point any discretion in the County Commission vanished. There are some rather broad statements in Zuckerman which might lead one to conclude that mandamus never lies to require approval of a plat. While Zuckerman is clearly correct on its facts, to the extent it might be interpreted to hold that mandamus will never lie to require approval of a plat, we recede therefrom.
Upon remand the county shall approve the plat in question in accordance with the Peremptory Writ of Mandamus issued August 16, 1976, and such approval shall not contain any conditions relative to this litigation as were contained on the plat approval in the resolution of the County Commission dated March 1, 1977, and recorded in Official Records Book 6927, page 518, of the Public Records of Broward County.
Our disposition of the plenary appeal in case No. 1920 renders the issues raised in the interlocutory appeal No. 868 moot. Accordingly, the interlocutory appeal is dismissed.
DAUKSCH, J., concurs.
CROSS, J., concurs specially, with opinion.
CROSS, Judge, concurring specially:
I concur in the conclusion reached by the majority only because the parties to the instant appeal have stipulated that all necessary standards prescribed by law for subdivision plats have been met by the appellee.
I perceive broad areas of discretion granted to the Board of County Commissioners which in ordinary circumstances would render the remedy of mandamus inappropriate. E.g., Section 14, Ch. 28946, Laws of Florida, Special Acts 1953. Moreover, I see no reason to recede from State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA 1974). That case dealt with the situation wherein the petitioner sought mandamus before any action, either for or against the proposed subdivision, was undertaken by the city council. Even so, the court therein recognized that mandamus would lie to compel action, but could not mandate the course of such action where discretionary matters remained unresolved. The Zuckerman-Vernon case has no application to cases such as that sub judice where all prerequisites established by law for the approval of subdivision plats have been met and the approving body has withheld its approval arbitrarily.
NOTES
[1] Chapter 28946, Laws of Florida, Special Acts, 1953, as amended.