SOUTHERN COOPERATIVE DEVELOPMENT FUND, et al., Plaintiffs,

v.

Louis E. DRIGGERS, et al., Defendants.

No. 80–640 Civ T–K.

United States District Court,
M. D. Florida,
Tampa Division.

Dec. 3, 1981.

Morris W. Milton, Williams & Milton, St. Petersburg, Fla., James W. Jones and Chris

928

R. Otteweller of Arnold & Porter, Washington, D. C., for plaintiffs.

A. H. Prather, Don Paul Greiwe, Mann & Fay, Ctd., Bradenton, Fla., Gary Takas, Asst. U. S. Atty., Tampa, Fla., Fred P. Bosselman, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendants.

## ORDER

KRENTZMAN, Chief Judge.

Plaintiffs bring this action alleging that their plat application for Long Creek subdivision was unlawfully denied by the Manatee County Commission.

Plaintiffs' motion for partial summary judgment, filed October 23, 1980, seeks judgment on Counts I and IV, brought pursuant to 42 U.S.C. § 1983 and the Florida constitution, respectively. Plaintiffs seek a declaration that defendants' denial of the plat was unconstitutional, and an injunction directing defendants to issue preliminary plat approval.

After a hearing on December 2, 1980, the Court entered its order on July 2, 1981 finding that the plaintiffs had apparently complied with all of the Subdivision Regulations except those waived by the County Planning Department and Planning Commission. The Court considered *Broward County v. Narco Realty, Inc.*, 359 So.2d 509 (Fla. 4DCA 1978) to be controlling, and held that "Manatee County must base its approval or disapproval of plat applications upon the regulations and requirements contained in the Subdivision Regulations, and not upon any broad powers of discretion. As such, the County Commission does indeed act in an administrative, and not a discretionary, capacity." The Court gave the county 45 days in which to reconsider plaintiffs' plat application under the Subdivision Regulations. The Court gave notice that if defendants failed to carry out their administrative duties the Court would likely grant plaintiffs' motion for partial summary judgment.

The issue presented to the Court upon its renewed consideration of plaintiffs' motion is whether the county, in its denial of the plat application the second time, fulfilled its administrative duties. This requires determination as to which set of regulations should have been applied, and whether the county properly denied the application under those regulations.

Plaintiffs allege that their initial plat application was unlawfully denied by the county under the regulations in effect at the time. They claim that if it had been approved, it clearly would not be subject retroactively to new regulations. Therefore, they argue, it is a violation of due process to subject the plat to amended regulations. In addition, plaintiffs seek damages for the unlawful rejection of the plat.

The Court has already found that the county's rejection or approval of a plat application is an administrative act on the part of the county. *Broward County v. Narco Realty, Inc., supra.* The due process clause protects against arbitrary restriction of lawful use of land. *Washington ex rel. Seattle Title Trust Co. v. Roberg*, 278 U.S. 116, 123, 49 S.Ct. 50, 52, 73 L.Ed. 210 (1928). Such considerations apply with particular force when the governmental body restricts lawful use of land while acting in an administrative capacity. *Hornsby v. Allen*, 326 F.2d 605 (5th Cir. 1964).

The Court finds that plaintiffs' rights would be violated if new regulations are used to deny a plat application which complied with the regulations in effect at the time the plat application was filed. This result is consistent with Florida law, which holds that the right of a plaintiff to recover must be measured by the facts as they exist when the suit was instituted. *City of Coral Gables v. Sakolsky*, 215 So.2d 329 (Fla. 3DCA 1968). The Court's direction to the county to reconsider the plat under "the Subdivision Regulations" in its July 2, 1981 order must be interpreted as referring to the old regulations.

For the above reasons the Court will review the county's rejection of the plat under the "old" regulations, which in this case are those which were in effect when the plat application was filed and when the case was instituted.

■ The reasons stated by the county for rejecting the plat under the old regulations are essentially the same reasons previously argued to the Court by defendants in response to the motion. Defendants' first basis of rejection is Florida Statute 366.-05(2) which provides:

The Commissioners are authorized to refuse to approve for recording any map or plat of a subdivision when recording of such plat would result in duplication of names of streets or roads or when said plat, in the opinion of said Commissioners, will not provide adequate and safe access or drainage.

The county argues that this statute gives it discretion to deny plats, independently of the Subdivision Regulations. The Court, however, reaffirms its holding set out in the July 2, 1981 order to the effect that the county has no discretion to deny plats which meet the requirements set out in the Subdivision Regulations. Statute 366.05(2) is an enabling statute rather than a source of discretion, and reliance upon discretion rather than uniform standards is improper. *Barnes v. Merritt,* 376 F.2d 8 (5th Cir. 1967); *Broward County v. Narco, supra.*

■ Even if the county did possess such discretion, it has failed to show that the plat application does not comply with the statute, and therefore that its exercise of discretion was not arbitrary and capricious. The county contends that because the plat is not connected with a completed highway sufficient for the traffic anticipated as a result of plat completion, it fails to comply with the required "access" in both statute 366.05(2), and in paragraph F of the Subdivision Regulations, which provides: "Access: No subdivision shall be approved unless its street system is connected to an arterial highway by a public road which is County or State maintained." The Court finds "access" in both contexts not to require a completed road in advance of development, or, in effect, a cart before the horse.

The county cites, as other reasons for rejecting the plat, Florida Statute 235.-193(4) which provides:

The local governing body is empowered to reject development plans when public school facilities made necessary by the proposed development are not available in the area which is proposed for development or are not planned to be constructed in such area concurrently with the development.

and Sections 21 and 22 of the Manatee County Planning Act (exhibit B to plaintiffs' motion for partial summary judgment), which authorize the county to enact subdivision regulations and constitute a general statement of intent. For the same reasons that the Court found the statute on roads to be an inappropriate basis for plat rejection, the Court finds that these bases are not valid reasons for denial of the plat. More specifically, these statutes do not provide the county with discretion to reject plats which conform to the subdivision regulations; and the plat does not fail to meet the standards even if applied.

The Court, accordingly, finds that Manatee County's rejection of plaintiffs' plat application was a violation of plaintiffs' federal and state constitutional rights to due process. Plaintiffs' motion for partial summary judgment as to Counts I and IV is GRANTED. Defendants are directed to issue preliminary plat approval for Long Creek subdivision. Defendants' cross motion for partial summary judgment, filed December 30, 1980, is DENIED.

Defendant Manatee County filed a counterclaim against plaintiffs as part of its answer on December 1980. The county then filed its "First Amendment" to the counterclaim on February 25, 1981, joining federal agency counterdefendants. The counterclaim alleges the need for an Environmental Impact Statement (EIS), and asks for an injunction of plaintiffs' project plans until such EIS is filed.

■ The Amendment to the counterclaim does not comply with Local Rule 4.01, Middle District of Florida, which requires an amended pleading to be filed in its entirety, although it is otherwise precedurally appropriate. See *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870 (5th Cir. 1976).

However, the counterclaim is permissive to this lawsuit: it does not arise out of the transaction or occurrence that is the subject of this suit, Rule 13(b), Fed.R.Civ.P. The Court is of the opinion that separate trials would·entail very little duplication of evidence and that the counterclaim unduly complicates this case. As such, the Court has discretion to dismiss it. *See Wright & Miller*, Sec. 1420 (1971). (*But see* 3 Moore, *Fed.Prac.* par. 13.18 at p. 13–459, although Moore agrees that the counterclaim may be served by the court. The Fifth Circuit has left the issue open. See *Weems v. McCloud*, 619 F.2d 1081, 1094, n.29 (5th Cir. 1980).) The counterclaim is DISMISSED, without prejudice. The federal counterdefendants' and plaintiffs' motions to dismiss the counterclaim are MOOT.

This case will proceed to trial on the remaining counts of the complaint and on damages under Counts I and IV. It will be separately noticed for status of case conference, at which a date by which discovery will be completed and dates for pretrial conference and trial will be determined and set.