408 So.2d 625 (1981)
BROWARD COUNTY, Gerald F. Thompson, Fran Gross, Jack Fried, Anne L. Kole, Howard Foreman, Howard Craft and Marcia Beach, As Members of and Constituting the Board of County Commissioners of Broward County, Florida, Appellants,
v.
CORAL RIDGE PROPERTIES, INC., a Delaware Corporation, Appellee.
Bankruptcy No. 81-69.
District Court of Appeal of Florida, Fourth District.
December 16, 1981.
Rehearing Denied February 5, 1982.
*626 Harry A. Stewart, Gen. Counsel, Fort Lauderdale, and F. Craig Richardson, Jr., of Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for appellants.
H.T. Maloney of Patterson, Maloney & Feige, Fort Lauderdale, for appellee.
HERSEY, Judge.
Broward County appeals from an order granting a petition for writ of mandamus and requiring the County Commission to approve an application for a plat. We reverse.
The property which appellee seeks to develop is a rather narrow strip of land located between State Road A1A and Galt Ocean Drive in the City of Fort Lauderdale. Appellee's application for plat approval was first submitted to and granted by the City. Thereafter application was made to the County. After several hearings and extended study the County determined to deny appellee's application. The basis for denial was that the "testimony and evidence has demonstrated that there will not be safe and adequate access to and from the area sought to be platted and that wastewater treatment and disposal service will not be available to meet the needs of the development proposed for the area sought to be platted until late 1984."
Lack of access is indicated to be in violation of Section 336.05(2), Florida Statutes (1979). The unavailability of wastewater treatment and disposal service is said to violate Sections 5-191(a)(1)(b) and 5-192(g), of the Broward County Code and Section 5.01(b) Chapter IV, of the Broward County Land Use Plan.
An initial question arises as to whether mandamus was an appropriate remedy even assuming the correctness of appellee's legal position in all other respects and accepting appellee's view of the facts.
In an earlier case, also involving an application for plat approval, we laid down the ground rules for utilizing mandamus to compel a governmental unit to act on such an application. State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA 1974). There we held:
Mandamus applies to legal duties of a specific imperative character as distinguished from those that are permissive or discretionary. The distinction between ministerial and judicial duties is that the duty is ministerial when the law prescribes and defines it with such precision and certainty as to leave nothing to the exercise of discretion or judgment. Where the act to be done does involve the exercise of discretion or judgment, it is a judicial or discretionary duty.
Id. at 175. We then suggested that consideration of a plat involves the exercise of discretion so that ordinarily mandamus is inappropriate. An exception would exist where a governmental unit simply refuses to take any action on an application.
In Broward County v. Narco Realty, Inc., 359 So.2d 509 (Fla. 4th DCA 1978), we clarified and thereby limited our holding in Zuckerman by pointing out that where "the property owner has done all the law required of him to entitle his plat to be recorded" then mandamus was an appropriate remedy because nothing remained to be done which would permit or require an exercise of discretion.
In essence appellee argues that certain of the statutory requirements relied upon by the county are inapplicable and that those remaining are met by the proposed plat. With respect to whether the County has misapplied or misapprehended the legal requirements for plat approval this is a question properly dealt with by review pursuant to Rule 9.100(c), Florida Rules of Appellate Procedure. A merely erroneous decision will not support an application for mandamus. Thus, appellee's contention that all applicable legal requirements *627 are met by the proposed plat is not appropriate for consideration now since the County has applied other requirements and found the plat wanting. In other words, the County disputes appellee's assertion that it has done all that the law required. Therefore, the present case is not controlled by Broward County v. Narco Realty, Inc., supra, because there the parties agreed that all legal requirements had been met  the County simply did not want to approve the plat. Whether or not the County's use of other requirements was erroneous is a question properly dealt with by review, not mandamus. Remaining is appellee's contention that all applicable legal requirements are met by the proposed plat. We determine that it would be inappropriate to consider that contention in the context of the present appeal. Even if we were to determine that appellee is correct there would remain the impediment to final disposition that the County has applied other and additional requirements, whether or not erroneously, and made a finding that appellee's application for plat approval should be denied.
Mandamus was not an appropriate remedy under these circumstances.
We therefore reverse the order on appeal and instruct the trial court to vacate the writ of mandamus.
REVERSED AND REMANDED.
BERANEK, J., and OWEN, WILLIAM C., Jr., Associate Judge (Retired), concur.