407 So.2d 1023 (1981)
Katherine BULLARD, Individually and As Parent and Natural Guardian of Henry Wymer, James Wymer, Baron Wymer, Frank Wymer, Jr., and Diane Wymer, Petitioners,
v.
Honorable G. Kendall SHARP, Judge, Nineteenth Judicial Circuit, in and for Indian River County, Florida, Respondent.
No. 81-1578.
District Court of Appeal of Florida, Fourth District.
December 23, 1981.
J. Blayne Jennings, Gifford, Brennan & Muschott, Fort Pierce, and Larry Klein, West Palm Beach, for petitioners.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
During the course of litigation the parties reached a settlement and entered into a written stipulation evidencing its terms and conditions. Because some of the parties were minors, application was made to the court for approval of the stipulation and settlement as required by Section 744.387, Florida Statutes, 1979. The court refused to approve the stipulation ascribing as grounds for refusal that the court "... is shocked by the excessive amount of the settlement... ." The plaintiffs below then filed a petition for writ of mandamus here to compel approval.
The statute in question authorizes the court to approve a settlement "if satisfied that the settlement will be for the best interest of the ..." minor. Implementation clearly requires the exercise of some element of discretion so that mandamus will not lie. State ex rel. Zuckerman  Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla.4th DCA 1974). We therefore consider *1024 whether it is appropriate to treat the petition as one for certiorari. Fla.R.App.P. 9.040(c).
We recently reiterated that the basis for certiorari jurisdiction in this Court is denial of procedural due process or failure to observe the essential requirements of the law. City of Hollywood Employees Retirement Fund v. Allen (Fla.4th DCA Case No. 81-1201, Opinion filed November 25, 1981). Unstated in that case was the threshold requirement that no other adequate remedy, by appeal or otherwise, exists.
We have initial difficulty fitting the facts of this case into that framework. The mere burden of proceeding through litigation does not ordinarily furnish a basis for certiorari intervention. Gadsden County Times, Inc. v. Horne, 382 So.2d 347 (Fla.1st DCA 1980). The rationale for this rule is that ultimately errors may be rectified by an appeal. However, the instant case may be considered unique in that all parties wish to settle but are presumably stymied by the refusal of the trial court to approve the settlement. Whether or not the parties could simply dismiss the litigation and then enter into a stipulation that would protect the guardian of the minors is problematical in view of the language of Section (3)(a) which provides: "No settlement after an action has been commenced by or on behalf of a minor or other incompetent shall be effective unless approved by the court having jurisdiction of the action." (Emphasis added.) § 744.387(3)(a), Fla. Stat. (1979). We are not called upon to construe the statute in that regard.
Because the remedy of appeal after litigation, on the particular and unique facts of this case, would appear to be inadequate, we address the merits of the petition.
The stipulation requires the sheriff of Indian River County (or his insurer) to pay certain sums of money over a period of time to the minor plaintiffs and others. If the sums are excessive this would seem to inure to the benefit of the minors so that such excessiveness, in the context of the statute in issue, could not be construed as against the best interest of the minor. It therefore could not logically or legally constitute a valid ground for the trial court's refusal to approve the settlement.
The parties have suggested that a stipulation that is appropriate and proper is binding upon the parties and the court. Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla. 1971). On the other hand, a stipulation that is unreasonable, against good morals and sound public policy will not be enforceable. Smith v. Smith, 90 Fla. 824, 107 So. 257 (1925). The difficulty is that the trial court has not been requested to enforce the stipulation. We view the sole and very narrow issue before the trial court as whether the settlement is in the best interests of the minors. As a result, an order approving the settlement will not establish the law of the case as to any other aspect of the stipulation nor will it, by necessary implication or otherwise, put to rest questions concerning the public policy considerations which obviously concern the trial court. Those will remain subject to judicial scrutiny upon appropriate application.
With the foregoing rationale established, we determine that excessiveness of the amounts to be received by the minors is not a sufficient ground for withholding the approval contemplated by Section 744.387, Florida Statutes 1979.
Accordingly, we grant the writ.
DOWNEY, ANSTEAD and HERSEY, JJ., concur.