418 So.2d 451 (1982)
KANE HOMES, INC., Appellant,
v.
CITY OF NORTH LAUDERDALE, a Municipal Corporation, James C. Koeper, Samuel Miller, Carl Fusco, Henry Alexandrowicz, John Hart, William Kelle, and Broward County, Appellees.
No. 81-1178.
District Court of Appeal of Florida, Fourth District.
August 25, 1982.
*452 Stephen Beyer and Paul J. McDonough of McDonough, Beyer, Phillips & Rogers, P.A., Coral Springs, for appellant.
Samuel S. Goren of Josias & Goren, Fort Lauderdale for appellees-City of North Lauderdale, James C. Koeper, Samuel Miller, Carl Fusco, Henry Alexandrowicz, John Hart, and William Kelle.
Harry A. Stewart, Gen. Counsel, and Joseph L. Passiatore, Asst. Gen. Counsel, Fort Lauderdale, for appellee-Broward County.
GLICKSTEIN, Judge.
This is an appeal by a developer from a final order which denied its petition for writ of mandamus. We affirm.
Appellant acquired slightly over 3.8 acres of real property in North Lauderdale, Broward County, Florida, with the intention of building twenty-nine multi-family units thereon. While it obtained the approval of North Lauderdale's Planning and Zoning Board, the Development Review Committee, and the City Commission at a public hearing without objections, it made no effort to plat the parcel.
The City received a written opinion from the Broward County Planning Council that in the absence of a plat of the subject parcel no building permits could issue and, accordingly, refused appellant's application for same. This prompted appellant to file the present action for mandamus against the City, its city council and its then building official; Broward County intervened.
The relevant questions in this case are whether chapter IV, section 5.02, of the county land use plan applies and, if so, whether appellant is required to plat the subject parcel as a condition precedent to issuance of building permits. We hold the section does apply and appellant must plat the parcel to receive its permits.
Broward County has been a charter county since 1975 and section 8.04 of its charter provides that a county ordinance shall prevail over a municipal ordinance in the area of land use planning. In 1977, the county adopted its land use plan by ordinance and chapter IV, section 5.02, thereof provides:
No unit of local government may grant an application for a building permit for the construction of a principal building on a parcel of land unless a plat including the parcel or parcels of land has been approved by the County Commission and recorded in the official records of Broward County subsequent to June 4, 1953. *453 This section will not apply to applications for a building permit for the construction of a building or structure on any single family lot or parcel or on any platted multi-family or non-residential lot or parcel less than five acres in size, provided that the building permit will be in compliance with the applicable land development regulations and that any land within the lot or parcel which is necessary to comply with the Trafficways Plan of the Planning Council has been conveyed to the public by deed or grant of easement.
It should be plain to the reader the first sentence makes the ordinance applicable to North Lauderdale, a unit of local government. Nonetheless, appellant argues the trial court should have ignored section 5.02 because, by certifying the city land use plan in 1979, the Broward County Planning Council removed the county from the picture entirely.
Appellant's argument misses the mark. Not only does section 5.02 require platting, but it is a minimum condition of the county to which the city must adhere because section 8.04 of the county charter makes section 5.02 superseding authority.[1] This predominance of the county's land use plan over that of a municipality is consistent with the legislative plan which determined the relationship between the county and the individual cities. Section 2.09 of chapter IV of the county's land use plan substantiates the cities' subordinate status. In part it provides:
The Planning Council shall assist units of local government with matters of interpretation of the County Land Use Plan. Whenever a question of interpretation has not been resolved on an informal basis, the governing body of the unit of local government may request in writing that the Planning Council issue a letter of interpretation on the matter.
No doubts should remain about the superiority of the county's land use plan but, if any do, surely they can be dispelled by section 2.06 of chapter IV.[2] Thereunder a city that grants development permits inconsistent with chapter IV of the land use plan may be required, inter alia, to submit reports to the Planning Council with greater frequency than previously obligated. Thus, the city's refusal to issue appellant the permits was not in contravention of any clear legal duty it was compelled to perform  a prerequisite to the issuance of a writ of mandamus.[3]
In addition to suggesting that section 5.02 was inapplicable, appellant finds fault with North Lauderdale's reliance upon the Broward County Planning Council's *454 written opinion that it was required to plat its parcel. Appellant contends the city was obligated to issue it building permits because its parcel, located somewhere within Tract 10 of Fort Lauderdale Truck Farms, a pre-1953 plat recorded in Plat Book 4, page 31, falls into the exception of section 5.02: "This section will not apply to applications for a building permit for the construction of a building or structure on any single family lot or parcel or on any platted multi-family or non-residential lot or parcel less than five acres in size." Contrary to this contention, appellant's parcel is not a platted lot or block;[4] it is merely a piece of acreage, described in metes and bounds, within a larger platted tract. See generally section 177.091, Florida Statutes (1979), which contains the regulations to which a plat made for recording must conform.
To have been considered as platted, it was necessary that appellant's parcel within the larger platted tract be specifically delineated and identified as a block, lot, or other similar designation, with an assigned number, letter, or other identifying symbol, at the time the plat of the larger tract was recorded. In the present case there is nothing in the record to show appellant's parcel met any of these requirements. Under these circumstances and those mentioned previously the city properly acceded to the county's opinion and the trial court correctly denied issuance of the peremptory writ of mandamus. We, therefore, affirm.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] Interestingly, the charter would prevail not only over a city ordinance but also over a state statute as can be inferred from section 177.071(2), Florida Statutes (1979), which is contained in the land boundaries chapter of the Florida Statutes and regulates the "[a]pproval of plat by governing bodies." It states: "Any provision in a county charter, or in an ordinance of a county chartered under s. 6(e), Art. VIII of the State Constitution, which provision is inconsistent with anything contained in this section shall prevail in such charter county to the extent of any such inconsistency."
[2] Chapter IV, section 2.06, provides in full:

Upon a determination by the County Commission that a unit of local government has granted development permits inconsistent with the requirements of this chapter, the County Commission shall take such action as may be necessary and proper to enforce the requirements of this chapter. Such actions may include, but are not limited to, requiring a unit of local government to submit the reports described in Section 2.05 on a more frequent basis for review.
[3] See Broward County v. Narco Realty, Inc., 359 So.2d 509 (Fla. 4th DCA 1978), and Broward County v. Coral Ridge Properties, Inc., 408 So.2d 625, 626 (Fla. 4th DCA 1981), wherein this court quoted from State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173, 175 (Fla. 4th DCA 1974), an excerpt discussing mandamus which is applicable to the case at bar:

Mandamus applies to legal duties of a specific imperative character as distinguished from those that are permissive or discretionary. The distinction between ministerial and judicial duties is that the duty is ministerial when the law prescribes and defines it with such precision and certainty as to leave nothing to the exercise of discretion or judgment. Where the act to be done does involve the exercise of discretion or judgment, it is a judicial or discretionary duty.
[4] Section 177.031, Florida Statutes (1979), is the definitional section of the platting part of the land boundaries chapter and the following are subsections that pertain to this discussion:

(2) "Block" includes "tier" or "group" and means a group of lots existing within well-defined and fixed boundaries, usually being an area surrounded by streets or other physical barriers and having an assigned number, letter, or other name through which it may be identified.
... .
(11) "Lot" includes tract or parcel and means the least fractional part of subdivided lands having limited fixed boundaries, and an assigned number, letter, or other name through which it may be identified.
... .
(14) "Plat" means a map or delineated representation of the subdivision of lands, being a complete exact representation of the subdivision and other information in compliance with the requirement of all applicable sections of this chapter and of any local ordinances, and may include the terms "replat," "amended plat," or "revised plat."