709 So.2d 155 (1998)
G.B.V. INTERNATIONAL, LTD., a Florida limited partnership; and Ashok Patel, General Partner, Petitioners,
v.
BROWARD COUNTY, Respondent.
No. 97-2448.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
Rehearing, Rehearing and Certification of Conflict Denied May 13, 1998.
James C. Brady of Brady & Coker, Fort Lauderdale, for petitioners.
John J. Copelan, Jr., County Attorney, and Anthony C. Musto, Chief Appellate Counsel, Fort Lauderdale, for respondent.
Rehearing, Rehearing En Banc and Certification of Conflict Denied May 13, 1998.
PER CURIAM.
A developer seeks timely review by common law certiorari of an order from the circuit court denying initial certiorari review of a denial of an application for plat approval. We grant the petition and quash the order of the circuit court.
Under Haines City Community Development v. Heggs, 658 So.2d 523, 528 (Fla. 1995), certiorari correction of a circuit court's appellate decision should be made "only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice." We find that kind of rare occasion in this case in which we should use our review function to correct a miscarriage of justice.
The Commission did not base its denial of the plat as submitted on estoppel but on incompatibility. Yet the circuit court reached beyond the Commission's stated reasons and decided the application on a basis not raised before the County Commissioners. In order to do so, the circuit court relied on evidence not presented to the Commissioners and thus not considered by them in denying approval. In effect the circuit court decided an issue that was neither presented to nor decided by the Commission. We regard the circuit court's decision in this regard as a departure from the essential requirements of law while sitting in certiorari review of local government action and a denial of procedural due process.
Turning to the merits, we take note of the following circumstances from the record. The developer sought to develop land within the City of Coconut Creek into a mix of single and multiple family residences, and commercial use. The comprehensive land use plans of both the County and the City did not allow for as many residential units on this location as the developer proposed. Initially *156 the developer sought an amendment to the County land use plan to permit 10 units an acre. Although the staff approved the amendment, the County Commissioners balked at the higher number and would approve an amendment to the County land use plan for only 6 units per acre.
The comprehensive land use plans of both the County and City have a feature called "flex units."[1] After the County Commissioners had denied the requested amendment to the land use plan, the developer went to the City and requested flex units that would allow for the number of units proposed. The City agreed with the flex unit request and thereby allowed the developer to use additional units from other areas within the City's borders; with the allowance the City was still within its comprehensive plan in terms of the total number of units to be developed within the City. Accordingly the City approved the proposed development.
The developer then sought site plan approval by the County in accord with the County's legal requirements. The County staff recommended approval of the plat, finding compliance with all County regulations for plat approval. The County Commissioners were therefore being asked to review the plat for compliance with the County's own regulations. In fact the Commissioners expressed disapproval of the City's decision to allow the flex units, in spite of the fact that the City had the authority to do so  even under the County land use plan. It was the denial of this site plan approval that the circuit court reviewed by petition for certiorari.
In Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993), the court described review of certain local government land use decisions as follows:
"rezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of ... quasi-judicial action. ..." [emphasis supplied.]
627 So.2d at 474. In Park of Commerce Associates v. City of Delray Beach, 636 So.2d 12 (Fla.1994), the court followed Snyder and held that site plan approval was a quasi-judicial function, for which the proper form of judicial review was by certiorari. In the course of approving our en banc decision in Park of Commerce, the court also said that our previous decision in City of Lauderdale Lakes v. Corn, 427 So.2d 239 (Fla. 4th DCA 1983), "accurately states the law concerning appellate review of decisions of local governments on building permits, site plans, and other development orders." 636 So.2d at 15. Corn, in turn, followed Broward County v. Narco Realty, Inc., 359 So.2d 509 (Fla. 4th DCA 1978), where we said:
"All persons similarly situated should be able to obtain plat approval upon meeting uniform standards. Otherwise, the official approval of a plat application would depend upon the whim or caprice of the public body involved."
359 So.2d at 510. Broward County's land development regulations contain specific requirements for plat approval. The record before the Commission established that the developer had complied with all of these requirements, so that approval was a ministerial function.
We therefore grant review by certiorari, quash the order of the circuit court and remand for entry of an order directing Broward County to approve the plat as requested.
WARNER, POLEN and FARMER, JJ., concur.
NOTES
[1] "Flex units" refers to the allocation of units within a jurisdiction. The land use plans for Broward County and the City of Coconut Creek allow for a maximum number of residential units within the City. The City has the right, however, to shift units around within the "flex zones," so long as the total number of units allowed within the geographic limits of the City does not exceed the maximum number of units prescribed in both land use plans.