PER CURIAM.
We deny the petition for writ of certio-rari because the petition has not shown that the trial court’s order denying the proposed settlement of the minor child’s claim in negligence is a departure from the essential requirements of law.
Petitioner, mother of the minor child, suffered catastrophic injuries in an automobile accident and was rendered a paraplegic. Petitioner filed suit against Respondent and, during negotiations, the parties jointly settled Petitioner’s claims. The trial court, however, denied the motion to approve settlement of the minor child’s claim pursuant to section 744.887(1), Florida Statutes, finding, inter alia, that the guardian ad litem appointed to protect the minor child’s interest had “presented no basis for this Court to approve the settlement recommended by him.” § 744.387(1), Fla. Stat. (2005).
The trial court’s analysis was grounded, at least in part, on its determination that the settlement was so inadequate that it was not in the minor child’s best interest under section 744.387(1), Florida Statutes; thus, Petitioner has not demonstrated an entitlement to extraordinary relief.[1] Petitioner’s appendix does not contain sufficient information to demonstrate that the trial court’s failure to approve the proposed settlement was a departure from the essential requirements of law.
Petition DENIED.
BENTON, POLSTON and THOMAS, JJ., concur.

. Cf. Bullard v. Sharp, 407 So.2d 1023, 1023-24 (Fla. 4th DCA 1981) (granting writ of certiorari where court’s refusal to approve minor’s settlement pursuant to section 744.387(1), Florida Statutes, was based on the excessive amounts provided to the minors). Unlike Bullard, the trial court also relied on a separate, sufficient ground authorized by the legislature when reviewing settlements to minor parties.