# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4750

_____

RANDALL BLAKE, JAMES
BRADFORD, ROBERT BUNN, MARK
CARROLL, DONALD CHEATHAM,
KYLE E. DORAN, ROGER EMERY,
ROBERT GHER, LARRY
GOCHNOUR, MARK S. GRAY,
LARRY GREEN, JAMES JACKSON,
GEORGE JARNUTOWSKI, LYNDON
JOHNSON, KEVIN SCOTT LAGOW,
ROY LAWRENCE, THOMAS GARY
LEE, ROBERT LEMAY, MASON
LOGAN, CLYDE LOWE, JAMES T.
MCDANIEL, PENNY MCGUIRE,
BARRY FORM MORGAN, ALYSON
COBB MORGAN, CHARLES
NEWTON, FRANCIS ROBERT
NEYER, BRUCE NICEWANDER,
BEVERLY OAKES, WILLIAM ALAN
PAGE, SHARON PATTERSON,
ROBERT RECKER, JOE ROUSE,
LLOYD SANDERS, MARVIN TOM
SCARBOROUGH, PAUL SMITH,
ROBERT SPITTLER, JERRY
STAPLETON, CAROL STEVENS,
ART WALLACE, WINSTON WAYNE
WALTERS, BARBARA WHITAKER,
and MARK WRIGHT,

    Petitioners,

    v.

ST. JOHNS RIVER POWER PARK
SYSTEM EMPLOYEES'
RETIREMENT PLAN,

     Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.


July 9, 2019


PER CURIAM.

Petitioners seek review of an order of the circuit court, which while sitting as an appellate court exercising certiorari review, denied Petitioners relief from a local administrative action impacting their retirement benefits. Constrained by the narrow standard of review applicable to second-tier certiorari, we deny the petition.

*Facts and Procedural History*

Petitioners are retirees who were employed by the St. Johns River Power Park and are members of the St. Johns River Power Park Employees' Retirement Plan ("Respondent" or the "Plan"). Petitioners retired on various dates over a thirteen-year period beginning in 2003 and began receiving pension benefits from Respondent. In 2015, during a required Internal Revenue Service ("IRS") review of the Plan, Respondent determined that its actuaries had miscalculated some retirees' benefits on an ongoing basis for thirteen years. Respondent concluded that the miscalculation resulted in Petitioners' being paid more benefits than they were entitled to under the Plan. Upon discovering the error, Respondent provided a submission ("Corrective Action") to the IRS Voluntary Correction Program indicating that it planned to take corrective action by recouping the overpayments, including five percent interest, and adjusting Petitioners' future benefits accordingly. Through its application to the IRS,

2

Respondent requested that the IRS issue a compliance statement approving its proposed Corrective Action. The IRS approved the Corrective Action and issued a signed compliance statement. Respondent then sent letters to Petitioners notifying them of its error and outlining their options for repaying the overpayment.

Petitioners requested and received a hearing before the committee charged with managing and administering the Plan (the "Committee") to contest the Corrective Action. Petitioners argued that Respondent was barred from taking the Corrective Action under the doctrine of equitable estoppel. Through sworn affidavits, Petitioners contended that they relied on Respondent's representations in deciding to retire on the dates elected, rather than later dates when they would have received higher benefits. Counsel representing the Committee's initial decision to recoup the overpayments argued that Petitioners were not entitled to the money and that the IRS requires recoupment in such circumstances for the Plan to keep its tax-qualified status.

The Committee issued its final decision denying Petitioners' appeal and requiring repayment of the overpayments, plus interest. In rendering its unanimous decision, the Committee's order stated that it considered the "affidavits and retirement files on the part of [Petitioners] and written and oral legal submissions and argument with regard to [their] position." The Committee provided the following reasons for the denial of Petitioner's appeal:

1. [Petitioners] have been overpaid and have received benefits not authorized or contemplated by the Plan. Accordingly, they must return those benefits. There is neither a hardship exception, nor, the Committee determined, evidence of such a hardship even if there were such an exception for any of the Members . . . .

2. Plan section 10.15 provides that any overpayment due to the Plan's trust fund shall be subject to five (5%) interest.

3. Plan section 7.06(2) requires all actions of the Committee to be uniform and nondiscriminatory, and

3

other Plan participants have been assessed the interest charge.

4.   A failure to follow the governing Plan document's terms would not comply with federal tax requirements and therefore would jeopardize the tax-qualified status of the Plan, with adverse tax consequences to the Plan and to you and all other participants.

5.   The Committee has a fiduciary obligation to recover amounts due to the Plan's trust fund, for the future payment of pension benefits to all Plan participants who are entitled to benefits from the Plan.

Petitioners thereafter sought review of the Committee's decision through a petition for writ of certiorari filed in the circuit court, arguing that the Committee "failed to address, and therefore rejected Petitioners' estoppel arguments" and that the Committee's concern about the tax consequences of affording Petitioners relief was not supported by competent substantial evidence.

After briefing and oral argument by the parties, the circuit court denied certiorari relief, finding that Petitioners were afforded due process, the Committee observed the essential requirements of the law, and the Committee's decision was based on competent substantial evidence. The court noted that the express language of the Plan and other record documents such as the Benefits Notification Summary were sufficient competent substantial evidence to support the Committee's decision.[1] The

---

[1] The court cited the "Notification of Benefits" signed by each Petitioner, which states in part:

*This calculation is subject to correction.* If you are or become aware of errors in the data that was used, the calculations that were made, or the plan provisions that were applied, it is your responsibility to contact the plan administrator. *The plan has the right to recover from you amounts that were paid to you in error.* (Emphasis added).

4

court also found that there was competent substantial evidence in the record to indicate that "Respondent's benefit calculations were only estimates, support a finding that any miscalculation by Respondent regarding Petitioners' benefits amounts was not material, was not detrimentally relied upon by Petitioners, and was not the cause of a change in Petitioners' decisions regarding whether to retire." The court concluded that equitable estoppel could not apply to allow Petitioners to obtain greater benefits than the language of the Plan itself permitted because it would "jeopardize the Plan's tax-exempt status, result in additional costs and penalties to the Plan and its participants, and risk further non-compliance with the Internal Revenue Code." Petitioners now seek review of the circuit court's ruling.

*Analysis*

The order being challenged arises from the circuit court's certiorari review of a local administrative action. In exercising first-tier certiorari review, the circuit court is limited to considering, based on the record before it, "(1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence." *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995). Because the circuit court functions as an appellate court in such review, it may not reweigh the evidence or substitute its judgment for that of the local administrative body. *Id.*

As the case proceeds up the judicial ladder, the inquiry narrows. The district court reviews the circuit court's judgment by second-tier certiorari review and may consider only (1) whether the circuit court afforded procedural due process and (2) applied the correct law. *Id.* These two prongs are "merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law." *Id.* To warrant relief, it is not enough for the district court merely to disagree with the result reached by the circuit court. *Dep't of Highway Safety & Motor Vehicles v. Morrical*, 262 So. 3d 865, 868 (Fla. 5th DCA 2019). Indeed, the supreme court has cautioned appellate courts "not to expand certiorari jurisdiction to review

5

the correctness of the circuit court's decision." *Futch v. Fla. Dep't of Highway Safety & Motor Vehicles*, 189 So. 3d 131, 132 (Fla. 2016) (citing *Nader v. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 723 (Fla. 2012)). Instead, second-tier certiorari relief is "reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Id.* at 132 (quoting *Nader*, 87 So. 3d at 717).

In the instant case, Petitioners contend that the circuit court departed from the essential requirements of law by failing to conduct an appropriate first-tier certiorari review of the Committee's decision. Specifically, they argue that the court impermissibly made its own factual findings on the elements of equitable estoppel and reweighed the evidence, rather than considering whether the Committee's decision was supported by competent substantial evidence.[2]

For support, Petitioners cite *Broward County v. G.B.V. International, Ltd.*, 787 So. 2d 838, 843 (Fla. 2001). In that case, a developer sought initial certiorari review in the circuit court of the county commission's denial of the developer's application for plat approval. *Id.* at 840. The circuit court denied the petition, reasoning in part that the developer was estopped from raising its claim because it had misrepresented its position in its application before the commission. *Id.* at 841. On second-tier certiorari review, the district court held that the circuit court departed from the essential requirements of law because the circuit court "reached beyond the Commission's stated reasons and decided the application on a basis not raised before the

---

[2] Without providing any supporting argument or legal authority, Petitioners also make the perfunctory claim that the circuit court "failed to afford due process of law by refusing to require that [the Committee] make factual findings regarding their claims of equitable estoppel." This argument is waived. *Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived.").

County Commissioners. In order to do so, the circuit court relied on evidence not presented to the Commissioners and thus not considered by them in denying approval." *G.B.V. Int'l., Ltd. v. Broward Cty*, 709 So. 2d 155, 155 (Fla. 4th DCA 1998). The district court then proceeded to evaluate the merits of the commission's decision and, after concluding that the developer was entitled to plat approval, remanded to the circuit court for entry of an order directing the commission to approve the plat as requested. *Id.* at 156.

On review before the Florida Supreme Court, the supreme court agreed with the district court that the circuit court departed from the essential requirements of law "by applying the wrong law" (i.e., instead of applying the first-tier certiorari standard of review, the court applied an independent standard of review and "made its own factual finding based on the cold record"). *G.B.V.*, 787 So. 2d at 845. But the supreme court also ruled that the district court went too far by ruling on the merits of the commission's decision, reasoning that "the district court's role on second-tier certiorari review was limited to a two-pronged review of the *circuit court* decision, not a de novo review of the *agency* decision." *Id.* at 845. The supreme court returned the case to the circuit court with directions for it to apply the three-pronged standard of review for first-tier certiorari. *Id.* at 846.

Mindful of our limited role in reviewing the circuit court decision before us, we conclude that the court properly applied the first-tier certiorari standard of review to the Committee's decision and thus did not violate the essential requirements of the law. Unlike the situation in *G.B.V.*, the factual "findings" challenged by Petitioners are based on the circuit court's review of the record for competent substantial evidence presented to the Committee that supported the Committee's decision. This is not a case where the circuit court made factual findings regarding a theory or argument not put forth before the administrative body. The court acknowledged in its order that the Committee considered, and rejected, Petitioners' arguments, including their equitable estoppel argument, by pointing to statements in the Committee's determination letter that its decision was based on the stipulated record, including Petitioners' retirement files, affidavits, legal arguments, and transcript of the administrative

7

hearing. The order also cited language from the Plan, the IRS statement, and the Benefits Notification Statements, all of which supported the Committee's determination that the retirement benefits calculations were estimates subject to correction and that the Plan afforded no hardship exception.

While the circuit court may or may not have agreed with the Committee's decision, it was not at liberty to second guess the decision. *See Fla. Dep't of Highway Safety & Motor Vehicles v. Wiggins*, 151 So. 3d 457, 464 (Fla. 1st DCA 2014) ("The sole starting (and ending) point is a search of the record for competent substantial evidence *supporting* the decision."); *G.B.V.*, 787 So. 2d at 846 n.25 ("On first-tier certiorari review, the circuit court's task is to review the record for evidence that *supports* the agency's decision, not that *rebuts* it-for the court cannot reweigh the evidence."). That the record contained other evidence, such as Petitioners' affidavits, which may have supported a finding of equitable estoppel is irrelevant. *See Clay Cty. v. Kendale Land Dev., Inc.*, 969 So. 2d 1177, 1181 (Fla. 1st DCA 2007) (noting that in certiorari review, "[w]hether the record also contains competent substantial evidence that would support some other result is irrelevant"). Had the circuit court relied on that evidence in the record to rule that equitable estoppel should apply, it would have been engaging in exactly the type of "reweighing" or fact-finding that is forbidden on first-tier certiorari review.

Because Petitioners have not met their heavy burden to show that the circuit court violated the essential requirements of the law, the petition is denied.

RAY, C.J., and ROWE and OSTERHAUS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

8

Thomas A. "Tad" Delegal, III, and James C. Poindexter of Delegal Law Offices, P.A., Jacksonville, for Petitioners

Cindy A. Laquidara and Allison M. Stocker of Akerman LLP, Jacksonville, for Respondent.