443 So.2d 452 (1984)
CITY OF BOYNTON BEACH, Appellant,
v.
V.S.H. REALTY, INC., Appellee.
No. 82-1949.
District Court of Appeal of Florida, Fourth District.
January 11, 1984.
*453 James R. Wolf of Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, and James W. Vance, West Palm Beach, for appellant.
Gene Moore, Boynton Beach, for appellee.
DOWNEY, Judge.
Appellant, City of Boynton Beach, seeks reversal of a declaratory judgment directing approval of a revised site plan necessary for the issuance of a building permit.
Appellee, the owner of a parcel of property located in the City, submitted an application to the City in order to build a convenience store and two independent commercial retail units on his parcel. Under applicable ordinances, such commercial development is allowed, but issuance of a building permit is conditional upon receiving site plan approval. An original site plan was approved at each level of review, but appellee subsequently submitted a revised site plan that altered the position of the proposed stores with respect to an adjacent residential neighborhood. The revised plan passed several levels of review, but was rejected by the City Council. More than thirty days after the Council's decision and notice thereof, appellant filed the instant suit in the circuit court seeking declaratory judgment. The complaint alleged, in pertinent part, that the City applied its site plan ordinance in an illegal, unwarranted, unconstitutional, arbitrary, and confiscatory fashion, thus depriving appellee of his property rights. Furthermore, the complaint stated that the sole function of the City Council in connection with site plan approval is a ministerial one. The City moved to dismiss the complaint on jurisdictional grounds, contending that review should be by writ of certiorari rather than by a de novo action for declaratory judgment. The trial judge denied the motion and ostensibly proceeded to try the matter as one de novo; yet he refused to allow the City to adduce evidence from a noise expert because that evidence was not submitted to the City when it was considering approval of the site plan. He apparently intended to decide the case based on the record made before the City Council. In any event, the final judgment found that the Council exceeded its ordinance authority because appellee was entitled thereunder to have the City Council approve its amended site plan upon recommendation of the zoning and technical review boards of the City. The trial court thus "instructed and directed [the City Council], based upon the recommendations of the technical and administrative staff, to approve the revised site plan."
The City initially contends that the trial court had no jurisdiction to entertain this action because it involved a quasi-judicial decision reviewable only by petition for writ of certiorari. The trial judge and counsel wrestled mightily with this question and the judge finally ruled that the matter should be considered de novo rather *454 than reviewed by certiorari. We hold that ruling was correct. As pointed out in the leading case of DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957), a judgment or order is judicial or quasi-judicial in nature when notice and a hearing are required and the judgment or order is contingent upon a showing made at the hearing. Further, the court held that the proper way in which to obtain appellate review of such a judgment or order was by certiorari. The decision of the City that is assaulted in this case was not a quasi-judicial decision as defined in DeGroot and thus certiorari was not the appropriate remedy. While not deciding the propriety thereof under the facts before it, the DeGroot court noted by contrast that the equity injunction has often been used to challenge legislative action at the state and local level where such action is claimed to adversely affect some constitutional right, such as an attack upon a municipal zoning ordinance.
Having held that the trial court properly entertained appellee's action, we just now consider the manner in which the case was handled below and certain provisions of the judgment from which this appeal was perfected. The complaint sought declaratory relief. The appellee claimed therein that the City had arbitrarily applied the site plan ordinance because Council approval is simply a ministerial or perfunctory act and is required when a plan passes the levels of review specified in the ordinance. The trial judge apparently agreed with this analysis of the Council's function. In that respect we believe error was committed. The site plan review ordinance generally provides that any owner desiring to obtain a permit to construct a building other than a single or two-family dwelling must submit a site plan to the City Planner together with specified information in order to assist the technical committee in reviewing and evaluating the proposed use, building, or structure. Specifically, section 19-18 of the City Code provides:
Except as otherwise provided in this article, no building permit shall be issued for the construction of any building, structure or other development of property, or appurtenances or alterations thereto, other than for construction of single family or two-family dwellings, unless the site plan has been reviewed by the technical committee and by the planning and zoning board and approved by the city council.
If City Council approval of the technical committee and planning and zoning board is perfunctory and the City Council acts only as a "rubber stamp," the provision requiring council approval is surplusage. On the other hand, if it was intended that the Council should not have the power to exercise any intelligent discretion in considering the matter, it would seem the drafters of the ordinance would simply have provided for technical and planning and zoning board approval alone or indicated that the function of the Council was merely to recognize or affirm that such approval had been given.
Adverting to the facts of this case as we glean them from the record and briefs, it appears the Council initially approved appellee's site plan, which plan provided for a building containing a convenience store and two independent retail stores. The convenience store was situated on the westerly portion of the development, the area most remote from the neighboring residential property. The revised plan relocated the convenience store to the easterly portion of the parcel, the area closest to the residential neighbors. Therein apparently lies the rub in this case.
The ordinance provides for evaluation of numerous factors by the various review committees, such as "consideration as to economic effects, noise, glare, fumes, odors, vibration and other effects of the proposed site plan on adjacent and nearby properties and properties generally in the district" and "[p]rovision for and effects of screening and buffering of the proposed uses and structures affecting the uses and structures adjacent and nearby properties and properties generally in the district, including but not limited to abutting residential properties." In deciding whether to *455 grant approval, the City Council is called upon to exercise an informed legislative discretion, which would clearly involve consideration of factors and criteria stated in the ordinance, so as to protect the various interests of the public, particularly neighboring residents and property owners.
Appellant attempted to adduce testimony at trial from a noise expert, we assume to show that there was justification for the Council's action in overriding the review committees' recommendations. It seems to us this type of evidence is most relevant to the issue before the court and the court's exclusion of the same was error.
Accordingly, we reverse the judgment of the circuit court and remand the cause for trial on the issues raised by the complaint and appellee's answer in a de novo proceeding.
REVERSED AND REMANDED, with directions.
HERSEY and DELL, JJ., concur.