475 So.2d 984 (1985)
CITY NATIONAL BANK OF MIAMI, As Trustee, Petitioner,
v.
CITY OF CORAL SPRINGS, Florida, Respondent.
No. 85-678.
District Court of Appeal of Florida, Fourth District.
September 18, 1985.
Rehearing Denied October 14, 1985.
*985 Gerald L. Knight of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for petitioner.
John M. Wynn of Paul J. McDonough, P.A., Coral Springs, for respondent.
HERSEY, Chief Judge.
By petition for writ of certiorari we are asked to review an order of the circuit court approving in part and disapproving in part a resolution adopted by respondent city which approved a proposed plat subject to three conditions.
On approval of a plat for a Stop-N-Go market to be located on Royal Palm Boulevard in Coral Springs, Florida, the city commission imposed the following conditions:
1. A ten (10) foot buffer strip (landscape area) will be included on the plat along its northwesterly boundary;
2. All entrances and exits indicated on the plat will be labelled "Right Turn Out Only";
3. No building permit for construction will be issued until Royal Palm Boulevard has been improved (widened) to a four (4) lane roadway in the area immediately adjacent to this plat.
City National Bank of Miami sought certiorari and mandamus in the circuit court which upheld the first and second conditions and further directed the city to "delete condition No. 3 or provide further hearing on said issue." The bank then filed its petition here for further review.
The scope of review to be utilized by a district court of appeal considering an order of the circuit court entered on review of administrative action is limited to a determination of whether the circuit court afforded procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982); Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). No issues are raised based upon failure of the circuit court to afford procedural due process; thus, the sole inquiry is whether the correct law was applied.
It is elementary that once a party complies with all legal requirements for platting there is no discretion in government authority to refuse approval of the plat. In Broward County v. Narco Realty, Inc., 359 So.2d 509 (Fla. 4th DCA 1978), the proposition was explained in the following language:
All persons similarly situated should be able to obtain plat approval upon meeting uniform standards. Otherwise, the official approval of a plat application would depend upon the whim or caprice of the public body involved. Yokley, in *986 his work, Law of Subdivisions, § 52, states:
"Thus, while public policy requires municipal control of such development, nevertheless, the authority of a town to deny a landowner the right to develop his property by refusing to approve the plat of such development is, by statute, made to rest upon specific standards of a statute or implementing ordinances. Thereafter, the approval or disapproval of the plat on the basis of controlling standards becomes an administrative act."
Likewise, in Section 53 of the same work, the author states:
"When the statutes and ordinances have been complied with in making a plat of a subdivision, the active approval by a village board has been held to be ministerial, and such act may be enforced by a writ of mandamus."
Id. at 510 (emphasis added).
The petitioner's position is that all legal requirements were met inasmuch as the city commission's additional requirements were not properly promulgated standards and therefore were not legal. Respondent city points out the existence of certain standards made applicable by virtue of its home rule powers, in addition to the landscape standard contained in a city ordinance applicable to condition one. See section 166.021, Florida Statutes (1983).
We hold that condition one is validly imposed as a reasonable application of section 20-513 of the Code of Ordinances of the City of Coral Springs. Condition two is similarly valid based upon the legal requirement that an applicant demonstrate that there will be safe and adequate access to the area sought to be platted. Broward County v. Coral Ridge Properties, Inc., 408 So.2d 625 (Fla. 4th DCA 1981).
The circuit court held the third condition invalid on the basis that
The Court simply finds that to include such a condition on the plat without any indication in the record as to when or if said portion of the roadway will be four-laned could preclude the landowner from any reasonable use of owner's property indefinitely. CITY OF CORAL SPRINGS accordingly directed to delete condition No. 3 or provide further hearing on said issue.
Condition three was in the nature of a building moratorium directed to a specific parcel of land and without meeting any of the formal requirements for such a moratorium. As such it was appropriately stricken. The provision of the order permitting further hearings on this issue was a proper determination, Page v. Lines, 150 Fla. 433, 7 So.2d 599 (1942), the court thereby granting partial relief by way of mandamus.
Whether or not the holding of the circuit court was supported by substantial competent evidence is not an appropriate inquiry by this court on certiorari review of administrative action already reviewed by way of certiorari in the lower tribunal. We review the evidence presented to the circuit court and only when an order or judgment has been entered without any competent evidence may we find a departure from the essential requirements of the law on the basis of the evidence or lack of it. Finding no such deficiency here we decline to grant certiorari.
CERTIORARI DENIED.
DELL and BARKETT, JJ., concur.