STONE, Judge.
Florida National Properties submitted the plat of a one hundred lot subdivision to the county for its approval. The County Commission conditioned approval upon the addition of a “notation” to the face of the plat, prior to its recording, providing it had only been reviewed for one hundred homes. The developer construes the proposed note as a restriction to 100 single family units and contends that the county lacks the authority to impose such an ad hoc condition precedent to recording. The plat had previously received the city’s approval, and is presently zoned for single family detached homes. It is undisputed that the proposed plat complies with all county code and Planning Board requirements.
The circuit court granted the developer’s petition for certiorari and directed the county to expunge the unauthorized condition from the plat approval. The county contends that the court departed from the essential requirements of law in quashing the commission decision. We have jurisdiction to review. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
The commission required the condition because the 47 acre area is zoned for a higher density. Specifically, the 10,000 square foot lots are each 2500 square feet larger than the minimum required under the city’s zoning ordinance. Therefore, theoretically, the land could be developed to a greater density at a future date. The county’s attorney acknowledged that the main reason for inserting the note on the face of the plat was to insure that the county would have the opportunity to readdress the impact fees in the event additional units should ever be constructed without replatting. The county wanted to use the note to place the city on notice that the property had not borne its full share of fees. The county also asserted its general responsibility to see that the development impact criteria are met, which would be accomplished in this case by the imposition of additional impact fees.
The following conclusions are stated in the order of the circuit court:
1. That plat approval in Broward County is governed by Chapter 177, the Bro-ward Charter, and other Broward County Land Development Code, and none of those laws'expressly or impliedly provide that a note restricting the number of dwelling units on a plat shall or may be a condition of plat approval. Therefore, the County Commission lacked jurisdiction to impose the contested plat condition.
*1249 2. That Section 5-197(f)(l)(c) of the Bro-ward Code, that section which authorizes plat applications to be approved subject to conditions, limits the situations in which conditions may be imposed to those in which a plat applicant has failed to meet the “substantive” requirements of the Code. Because FNP had complied with all substantive requirements, the County’s condition requiring the plat face to note the development level at which it was approved is unauthorized.
3. That the Coral Springs zoning applicable to this property, and the plat itself, limit the development of this property to one home on each lot on the proposed plat. Therefore, under Section 5-200(a), 100 homes is the presumed maximum impact.
4. That no competent evidence existed of record to support the plat condition imposed.
The county land development code does not provide for the practice of imposing a “notation” on the face of a plat to reflect county policy. Nor does the county rely on any specific authority for such a restriction being placed on a plat in the absence of such an enabling provision. The county claims that its authorization is derived from the general language of its charter, its land use plan, its code, and the platting provisions of chapter 177, Florida Statutes.
It is undisputed that the county has broad power with regard to land use planning and plat approval. City of Coconut Creek v. Broward County Board of County Commissioners, 430 So.2d 959 (Fla. 4th DCA 1983). The Broward County Charter, § 6.12, grants the County Commission the power to regulate and control plats. The county asserts that sections 5-197(f)(l)(c) and 5-200(a) of its Land Development Code authorize its policy. Section 5-200(a) of the Land Development Code provides:
(a) Development Presumed to Have Maximum Impact Permitted. The proposed development shall be presumed to have the maximum impact on necessary services and facilities permitted under the most restrictive of the applicable land development regulations, such as zoning regulations, the County Land Use Plan, or the applicable certified land use plan, or under applicable deed or plat restrictions. However, if a final site development plan has been filed with the application for final plat approval and approved by the Development Review Committee, then review shall be governed by the scope of development shown in the site development plan and any development order issued shall be conditioned on impact and development consistent with the site development plan filed.
Section 5-197(f)(1)(c) provides:
(f) Action on application by County Commission.
(1) At a regularly scheduled public meeting held within forty-five (45) days of the initial presentation of an application to the County Commission, the County Commission shall review the application for conformity to this Division and shall act upon the application. The County Commission shall make one of the following determinations:
[[Image here]]
c) that the application is not in compliance with the applicable standards and minimum requirements of this Division but conditions have been determined by the County Commission to be reasonably necessary to ensure compliance with the applicable standards and minimum requirements of this Division, in which case the County Commission shall adopt a development order granting approval of the application with said conditions.
The county argues that section 5-200 should be interpreted broadly to permit “notations” on the face of the plat because of the sections’s provision for “plat restrictions”. The county asserts that the language of section 5-197(f), which permits imposition of conditions necessary to ensure compliance with requirements and *1250 conditions of the code, permits conditions that insure the payment of otherwise valid impact fees. The provision of § 5-200(a) asserted by the county recognizes the county’s right to assume that a proposed development will have the maximum impact in making its evaluation of a plat. Section 5-197(f)(l)(c) permits the imposition of conditions where necessary to insure compliance with the code. However, it is undisputed that this plat complies in all substantive respects with all code standards and requirements.
The county argues that, pursuant to section 5-200(a), it could have simply computed a larger assessment against the developer based on development at the maximum zoning unless the plat notation was made voluntarily. However, this is not the issue before us. The developer is primarily concerned that the potential adverse effects of the added notation are unknown and will include problems of title.
The trial judge correctly interpreted section 5-197(f)(l)(c) as applicable to implementing the substantive requirements of the code. The county certainly is entitled to enact measures to enforce and to insure compliance with its code. The method selected here, however, was invalid. Cf City National Bank of Miami v. City of Coral Springs, 475 So.2d 984 (Fla. 4th DCA 1985); Broward County v. NARCO Realty, Inc., 359 So.2d 509 (Fla. 4th DCA 1978); Southern Cooperative Development Fund v. Driggers, 696 F.2d 1347 (11th Cir.1983), cert. denied, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389. There are other methods by which the county staff may memorialize the circumstances of a plat approval for future reference or to insure that cities are alerted to the fact that impact fees have only been assessed at an exiting zoning calculation.
It is undisputed that the circuit judge afforded procedural due process and we determine that the court applied the correct law. We therefore deny the petition for certiorari.
We certify the following question as one of great public importance:
WHETHER A COUNTY COMMISSION MAY IMPOSE A NOTATION ON AN OTHERWISE APPROVED PLAT, AS A CONDITION FOR RECORDING, THAT THE PLAT HAS ONLY BEEN REVIEWED FOR A LIMITED DEVELOPMENT, WHERE SUCH A NOTATION IS NOT SPECIFICALLY AUTHORIZED BY LAW?
GLICKSTEIN, J., concurs specially with opinion.
ANSTEAD, J., dissents with opinion.