606 So.2d 633 (1992)
PARK OF COMMERCE ASSOCIATES, and Land Resources Investment Co., Appellants/Cross Appellees,
v.
CITY OF DELRAY BEACH, a Florida Municipal Corporation, Doak S. Campbell, III, Mayor, James Weatherspoon, Richard Dougherty, Malcolm Bird, and Marie Horenburger, City Council Members, Appellees/Cross Appellants.
Nos. 88-3192, 88-3193, 89-1387 and 89-2654.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
On Motion for Rehearing and Clarification November 18, 1992.
John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, and Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellant, cross appellee Park of Commerce Associates.
L. Martin Reeder, Jr., Steel, Hector, Davis, Burns & Middleton, West Palm Beach, for appellant, cross appellee Land Resources Inv. Co.
Susan A. Ruby, Asst. City Atty., Delray Beach, for appellees, cross appellants.

EN BANC OPINION ON REHEARING
ANSTEAD, Judge.
We grant the motion for rehearing en banc and now reverse and remand. We *634 treat this matter en banc in order to resolve the conflict between this court's holdings in City of Boynton Beach v. V.S.H. Realty, Inc., 443 So.2d 452 (Fla. 4th DCA 1984), and City of Lauderdale Lakes v. Corn, 427 So.2d 239 (Fla. 4th DCA 1983).
While it may be possible to reconcile the results reached in those two cases, it is apparent that the language used in the opinions is in conflict and requires resolution. In Corn, we stated that the function of a city commission in reviewing a property owner's proposed site plan for development of the owner's property in accord with the city's zoning laws was not legislative in nature, but rather administrative. Subsequently, in Boynton Beach, we stated that the site plan review function involved an exercise of "informed legislative discretion." We now resolve that conflict by adhering en banc to the views expressed in Corn and receding from any contrary expressions set out in Boynton Beach.
Florida Power and Light (FPL), an electric utility company, bought a parcel of land in the City of Delray Beach from Park of Commerce Associates, for the purpose of building a customer service center, a use compatible with the existing zoning classification. The purchase was conditioned upon city approval of the service center. FPL submitted a site plan to the Planning and Zoning Board. The Board rejected it, provisionally, subject to FPL's making a number of technical changes. FPL made all the requested changes and submitted the plan to the city council. The council denied the plan for no apparent reason other than neighborhood opposition. Upon review in the circuit court, a de novo trial was conducted. The court concluded that the council had denied the plan solely on the basis of unacceptable access from a particular road. However, the court ruled that this reason for denial was erroneous as a matter of law because there was a legal right of access from that road. Notwithstanding, the court upheld the council's decision on other grounds raised by the city for the first time at the de novo trial.
On appeal to this court it was contended that the trial court should have conducted certiorari review limited to the matters presented during the administrative proceedings, rather than de novo review. This court affirmed the trial court's decision, relying on Boynton Beach. By affirming on the authority of Boynton Beach, this court implicitly found that the site plan approval process was legislative. On rehearing, it is contended that site plan review cannot be legislative in nature because a city cannot unreasonably withhold approval once the legislatively adopted legal requirements have been met. We agree.[1]
This court took the same position with respect to plat review in City Nat'l Bank of Miami v. City of Coral Springs, 475 So.2d 984 (Fla. 4th DCA 1985). In so doing we quoted with approval from Broward County v. Narco Realty, Inc., 359 So.2d 509, 510 (Fla. 4th DCA 1978), and held:
"All persons similarly situated should be able to obtain plat approval upon meeting uniform standards. Otherwise, the official approval of a plat application would depend upon the whim or caprice of the public body involved."
475 So.2d at 985. Subsequently, in Corn, this court expressly recognized that the same reasoning applied to site plan proceedings:
We specifically held in Narco Realty, Inc. that where all of the legal requirements for platting land have been met there is no residual discretion to refuse *635 plat approval and mandamus will lie. The same reasoning applies to approval of site plans ... . No element of discretion remains once the legal requirements have been met.
427 So.2d at 242 (emphasis added).
The administrative procedure for site plan approval is quasi-judicial in nature, and conducted to factually determine if a proposed site plan submitted by the property owner conforms to the specific requirements set out in the administrative regulations governing the erection of improvements on the property. Property owners are entitled to notice of the conditions they must meet in order to improve their property in accord with the existing zoning and other development regulations of the government. Those conditions should be set out in clearly stated regulations. Compliance with those regulations should be capable of objective determination in an administrative proceeding. While the burden may be on the property owner to demonstrate compliance, no legislative discretion is involved in resolving the issue of compliance.
The standard of review in the trial court depends directly on the nature of the proceeding before the city council, and whether it is quasi-legislative or quasi-judicial. Under the case law, a de novo review is proper for the former, while certiorari review is proper for the latter. Based on the analysis set out above, it was error for the trial court to conduct a de novo review.
Accordingly, we grant rehearing and now reverse the decision of the trial court and remand for further proceedings consistent herewith.
DOWNEY, LETTS, HERSEY, GUNTHER, STONE, WARNER and POLEN, JJ., concur.
FARMER, J., concurs specially with opinion.
GLICKSTEIN, C.J., DELL and GARRETT, JJ., recused.
FARMER, Judge, specially concurring.
As I was the lawyer for the plaintiff and appellee in City of Lauderdale Lakes v. Corn, 427 So.2d 239 (Fla. 4th DCA 1983), one might infer that the zeal of the advocate has shaped the attitude of the judge. I do not think so, however. I strongly believe that the power of the government to regulate land use within its borders is among the very reasons for the existence of local government in the first place. But I also believe that land ownership is at the core of our constitutional freedoms and thus the power of government must be exercised with a healthy regard for that right.
I agree with Judge Anstead's opinion for the court. I write only to add another thought to his rationale. In my opinion, the kind of consideration given by a trial court and then by us in one of these cases is primarily infected by a functional analysis of what the local government did, as well as what it said. That is to say that the circuit court's mode of consideration should not depend on mere labels used by the parties but instead by an analysis of what they did.
For example, in Corn, the landowner sought site plan approval from the city, but what he got was legislative action to avoid giving him the approval that the city's own laws required. Hence, his action against the city might have sounded in certiorari to review the city's administrative action in considering site plan approval; actually it asked for relief by mandamus but also sought a judicial declaration that the city's attempted legislative avoidance of administrative action was unconstitutional, or otherwise invalid, and an injunction against its enforcement.
It would be unrealistic to say that Corn should have been limited to certiorari review in the circuit court, when the only way to challenge the legislative enactments was by ordinary, original proceedings. And on appeal of the circuit court decision, it would have been unfair to the city to limit review of that decision in this court to the kind of review we give to orders of the circuit court sitting in its appellate capacity to review local governmental decisions. See e.g., Education Development Center v. Zoning Board, 541 So.2d 106 (Fla. 1989). A functional analysis requires rather that *636 we engage in something of both kinds of review in these circumstances, only one in others.
In the case of a zoning variance, the local government conducts a kind of hearing that includes fact finding, from which it makes a decision applying already established legal principles. When the public entity zones property it combines the application of established legal principles with legislative action. When it conducts site plan or plat review, it merely applies established rules of law to existing and uncontested facts. Each of these governmental functions is different. Each carries its own principles affecting judicial approval or disapproval.
When the circuit court considers the parties positions and, later, this court reviews what that court has done, we cannot achieve justice by merely applying a label and then mashing a judicial lever. We must study what the parties were asked or set out to do, what they actually did, and how they went about doing it. That is what Judge Anstead has done in his cogent analysis. I therefore thoroughly agree with his conclusions.

OPINION ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
The motion for rehearing is denied. The motion for clarification is granted to the limited extent of acknowledging that this court's original panel opinion affirmed the decisions of the trial court in all four appeals: Case Nos. 88-3192, 88-3193, 89-1387, and 89-2654. The panel opinion has been overruled by the en banc opinion only in Case No. 88-3192. No further motions for rehearing will be considered.
DOWNEY, ANSTEAD, LETTS, HERSEY, GUNTHER, STONE, WARNER, POLEN and FARMER, JJ., concur.
GLICKSTEIN, C.J., DELL and GARRETT, JJ., recused.
NOTES
[1] Appellants cite a recent fifth district decision, Colonial Apartments, L.P. v. City of DeLand, 577 So.2d 593 (Fla. 5th DCA), rev. denied, 584 So.2d 997 (Fla. 1991). In that case, the city had approved a site plan conditioned upon compliance with a density different from that provided in the ordinance. In creating the condition, the city had reasoned that the lower density was needed to satisfy the "aesthetic compatibility" purpose stated in the ordinance. The fifth district disagreed and quashed the density condition on the basis that the city could not arbitrarily impose a condition different than that contained in the ordinance. The court further stated: "[T]he opinions of neighbors by themselves are insufficient to support a denial of a proposed development." Id. at 596. "Owners are entitled to fair play; the lands which may represent their life fortunes should not be subjected to ad hoc legislation." Id. at 598.