636 So.2d 12 (1994)
PARK OF COMMERCE ASSOCIATES, etc., Petitioner,
v.
CITY OF DELRAY BEACH, et al., Respondents.
No. 80973.
Supreme Court of Florida.
March 31, 1994.
Rehearing Denied May 20, 1994.
*13 John Beranek, Aurell, Radey, Hinkle, Thomas & Beranek, Tallahassee, for petitioner.
Susan A. Ruby, City Atty., Delray Beach, for respondents.
John J. Copelan, Jr., President, FL Ass'n of County Attys., Inc., Fort Lauderdale, and Herbert W.A. Thiele, Director, FL Ass'n of County Attys., Inc., Tallahassee, amicus curiae, for FL Ass'n of County Attys., Inc.
HARDING, Justice.
We have for review Park of Commerce v. City of Delray Beach, 606 So.2d 633 (Fla.4th DCA 1992), in which the district court, in a separate order, certified two questions of great public importance:
I. WHETHER CITY OF BOYNTON BEACH V.V.S.H. REALTY, INC., 443 So.2d 452 (Fla. 4th DCA 1984) AS RELIED UPON IN THIS COURT'S NOVEMBER 18, 1992, EN BANC OPINION, ACCURATELY STATES THE LAW CONCERNING APPELLATE REVIEW OF DECISIONS OF LOCAL GOVERNMENTS ON BUILDING PERMITS, SITE PLANS AND OTHER DEVELOPMENT ORDERS.
II. WHETHER THIS COURT'S AFFIRMANCE OF THREE CASES BASED ON CITY OF BOYNTON BEACH V.V.S.H. REALTY, INC., AND THE SIMULTANEOUS REVERSAL OF ONE CASE BASED ON AN OVERRULING OF CITY OF BOYNTON BEACH V.V.S.H. REALTY, INC. CONSTITUTES A CORRECT APPLICATION OF THE EN BANC REVIEW PROCESS.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the first question in the negative and decline to answer the second question for the reasons set forth below.
Land Resources Investment Company (Land Resources) entered into a contract to purchase a three-acre parcel of land in the City of Delray Beach from Park of Commerce Associates (Park of Commerce). Paragraph 13 of the second addendum to the contract provided in part:
That if Buyer closes this transaction and is subsequently (within 180 days of closing) refused a City of Delray Beach building permit or site plan approval because the City or some other government agency having jurisdiction declares or decrees that access from some other public street (other than S.W. 22nd Avenue/S.W. 29th Street) is a condition precedent to any building permits issuance, the Buyer may elect to resell the property to the Seller, and Seller agrees that it shall repurchase the same at the same gross purchase price as this transaction. .. . Such repurchase shall be concluded within thirty (30) days from and after Buyer's election to resell property to Seller.
The three-acre tract was part of a twenty-five-acre tract that previously had been approved for unified development upon assurances by Park of Commerce that there would be no access from the tract onto S.W. 22nd Avenue/S.W. 29th Street. Land Resources planned to build a Florida Power & Light customer service center on the site, which was a use consistent with the comprehensive plan and with the zoning classification of "planned office center." In addition, the three-acre parcel was platted specifically for the construction of the customer service center with access onto S.W. 22nd Avenue/S.W. 29th Street.
The Delray Beach City Council rejected Land Resources' site plan because of neighborhood opposition to commercial traffic on a street that abutted the parcel. Land Resources and Park of Commerce, asserting that the City Council's decision was quasi-judicial in nature, sought certiorari appellate review in circuit court. The city opposed the limited certiorari review, arguing that the Council's action was legislative in nature and required de novo review. In addition to seeking review in the circuit court, Land Resources brought an action against Park of *14 Commerce for declaratory relief and specific performance of the contract.
The trial court determined that the City Council's decision rejecting the site plan was quasi-legislative and granted de novo review. During the de novo review, the court considered evidence that had not been presented to the City Council. The trial court concluded that the City Council denied the site plan solely because of unacceptable access from a nearby road. The court found this reason for denial erroneous as a matter of law. The court found that although the twenty-five-acre tract was intended to be developed as a unified whole, the city, by platting the three-acre parcel, waived and was estopped from imposing the nonaccess requirement of the unified plan for development of the twenty-five acres as a condition of the three-acre site plan approval. Nonetheless, the court upheld the City Council's denial on other grounds that the city raised for the first time at the de novo trial.[1]
Land Resources' action for declaratory judgment and specific performance against Park of Commerce was consolidated with the review of the site plan. The trial court found that the terms of the contract between the parties required Park of Commerce to repurchase the three-acre parcel. (The city was not a party to the contract dispute.)
Land Resources later brought an action against Park of Commerce for failure to repurchase the land according to the judgment granting specific performance and declaratory relief. The trial court awarded Land Resources $740,655.52, which was the original purchase price (including prejudgment interest), plus twelve percent annual interest.
Land Resources also brought a separate action against Park of Commerce for attorney's fees. The trial court awarded attorney's fees to Land Resources.
Park of Commerce and Land Resources appealed the trial court judgment upholding the city's denial of the site plan application to the Fourth District Court of Appeal. They argued that the circuit court should have conducted certiorari review limited to matters presented during the administrative proceedings. In addition, Park of Commerce appealed the three judgments relating to the buyback. The district court consolidated the appeals.
A district court panel rendered a per curiam (PCA) opinion affirming the four trial court judgments. The opinion cited City of Boynton Beach v. V.S.H. Realty, Inc., 443 So.2d 452 (Fla. 4th DCA 1984), as authority for its decision. In Boynton Beach the Fourth District Court held that a city council's decision about a site plan is a legislative activity that is properly reviewed in a de novo proceeding in circuit court.[2] In the case under review, Judge Anstead dissented from the PCA opinion because he found that under City of Lauderdale Lakes v. Corn, 427 So.2d 239 (Fla. 4th DCA 1983), certiorari is the correct standard of review for a site plan decision because such a decision is quasi-judicial. In a specially concurring opinion, Judge Stone wrote that he would agree with the dissenting opinion, but felt bound by Boynton Beach.
The Fourth District Court subsequently granted an en banc rehearing and resolved the conflict between Boynton Beach and Corn. The court adopted the Corn position that a city council acts in a quasi-judicial manner when it reviews a proposed site plan that is in accord with the city's zoning laws. It found that the Delray Beach City Council's decision was quasi-judicial, so it required certiorari review limited to the matters presented during the administrative proceedings. The court reversed the circuit court and remanded the case for further proceedings.
The en banc opinion did not refer to the buyback judgments. Land Resources moved for clarification and rehearing, arguing that the en banc decision about site plan review did not affect the independent buyback judgments in favor of Land Resources. The Fourth District Court later issued a clarification holding that the en banc opinion overruled *15 the panel decision only on the site plan issue. Park of Commerce, 606 So.2d at 636. The Fourth District Court did not allow further rehearing, but, subsequently, on Park of Commerce's motion, certified two questions to this Court.

CERTIFIED QUESTION I.
Both parties acknowledge that the issue raised in the first certified question has been resolved by this Court's decision in Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla. 1993). In Snyder the Court was confronted with whether a county commission's decision that denied a rezoning application was quasi-judicial or quasi-legislative in nature. In resolving the issue, we approved the language of the district court when it said:
[R]ezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of ... quasi-judicial action... .
Snyder, 627 So.2d at 474 (quoting Snyder v. Board of County Comm'rs, 595 So.2d 65, 78 (Fla. 5th DCA 1991)). Under that language, a city council's denial of a site plan was quasi-judicial action that was properly reviewed by petition for certiorari. The City of Delray Beach urges this Court to recede from its ruling in Snyder. We decline to do so. Because the site review plan that the Delray Beach City Council denied meets the characteristics set out in Snyder, the plan was properly reviewed by certiorari. No legislative discretion was involved in determining whether the property owner complied with regulations set out in a local ordinance. See Park of Commerce, 606 So.2d at 635.
Therefore, we answer the first certified question in the negative. Corn, not Boynton Beach, accurately states the law concerning appellate review of decisions of local governments on building permits, site plans, and other development orders. These local government decisions are quasi-judicial in nature and thus subject to certiorari review by the courts.[3]

CERTIFIED QUESTION II.
We decline to answer the second certified question and approve the district court's opinion on motion for rehearing and clarification. The district court's panel decision was a PCA opinion affirming all four trial court judgments on authority of Boynton Beach, which held that the site plan approval process was legislative in nature. The district court's en banc opinion receded from Boynton Beach and held that the site plan approval process is judicial in nature. Park of Commerce, 606 So.2d at 634. On clarification, the district court limited the holding of the en banc opinion to the site review issue and left standing the PCA opinion that affirmed the buyback judgments. Id. at 636. This created confusion because the PCA panel opinion cited Boynton Beach as authority for affirming all four trial court judgments, but the en banc opinion receded from Boynton Beach. We also find the second certified question confusing.
While the district court's language has created uncertainty about why the court reached its result  particularly on the buyback issues  we nonetheless approve the district court's opinion affirming the judgments relating to the repurchase provisions of the contract. The final judgment requiring Park of Commerce to repurchase the land, which is the judgment upon which the subsequent judgments for money damages and attorney's fees were based, clearly rules on any issue for which we would remand. The trial court specifically found the conditions precedent had been met for the repurchase provisions of the contract to become effective. In addition, the trial court found that because Land Resources had joined in the case against the city seeking review of the City Council's action, it was not estopped from asserting its right to compel the repurchase *16 provision of the contract. These findings were made independently of the form of review the trial court used.
Thus, we decline to answer the second certified question, but we approve the district court's en banc decision and its decision on motion for rehearing and clarification.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The trial court ruled that the city's rejection of the three-acre site plan was fairly debatable because of adverse traffic impact and an inadequate drainage plan.
[2] Boynton Beach does not address the buyback issues in the consolidated case, but it is the only case the Fourth District Court of Appeal cited in affirming the circuit court decisions.
[3] Provided the development orders fall within the description contained in Snyder. See 627 So.2d at 474.