683 So.2d 618 (1996)
Lawrence KAHANA, Alan Kahana, and Kay J. McGucken, d/b/a Cherokee Associates, a Florida general partnership, Petitioners,
v.
CITY OF TAMPA, Respondent.
No. 96-02109.
District Court of Appeal of Florida, Second District.
November 22, 1996.
*619 Kay J. McGucken of Kay J. McGucken, P.A., Tampa, for Petitioners.
James D. Palermo, City Attorney, and Jerry M. Gewirtz, Assistant City Attorney, Tampa, for Respondent.
ALTENBERND, Judge.
Lawrence Kahana, Alan Kahana and Kay J. McGucken d/b/a/ Cherokee Associates (Cherokee), seek certiorari review of an order dismissing their circuit court petition for certiorari. The petition sought review of the Tampa City Council's (City Council) decision denying Cherokee's application to sell alcohol at a specific location in Ybor City. The trial court dismissed the petition after deciding that the City Council's action was quasilegislative. We conclude that the trial court's decision departed from the essential requirements of the law, and that, by depriving Cherokee of any meaningful judicial review, that decision resulted in a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
Cherokee owns a building on 9th Avenue at the southeast corner of the intersection of 17th Street and 9th Avenue in the Ybor City. Once a separate community famous for its cigar factories, Ybor City is now a historic district in Tampa with a thriving night life. The Cherokee property is zoned YC-1, which indicates that the property is in the central commercial core of the district. As explained below, property in the YC-1 section of Ybor City may be used as a bar, lounge, or for the retail sale of alcoholic beverages. It is undisputed that many parcels zoned YC-1 are currently selling alcohol. Several of those establishments are near the intersection of 17th Street and 8th Avenue, one block south of the Cherokee property. Ninth Avenue is the northern boundary of the YC-1 central commercial core zone.
An owner of a parcel zoned YC-1 must file a petition to rezone the specific lot for sale of alcoholic beverages. Such "rezoning" does not change the YC-1 central commercial core status; instead, it adds a wetzone designation to the property's classification. Cherokee filed such a petition, which the City Council denied following a public hearing. Cherokee then filed its petition for certiorari in the circuit court to review the City Council's decision.
The City of Tampa responded to the certiorari petition with a motion to dismiss. It argued that under the test established in Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993), the City Council's action was legislative rather than quasi-judicial, and thus not subject to judicial review by certiorari. In support of its motion, the City filed various documents and transcripts relating to the City Council's decision. Without objection, the trial court considered these matters and determined that the City Council's decision was legislative because of "the number of persons affected in the church community and the other owners of nonalcoholic properties."
A description of the neighborhood surrounding the Cherokee parcel is helpful in understanding the trial court's reference to the church community. Immediately north of the Cherokee property is a vacant, grassy square block. Immediately north of the vacant property, after crossing Palm Avenue, is Our Lady of Perpetual Help, a historic Catholic church. Just west of the church is a retirement center. At the intersection of 17th street and 9th Avenue, the only developed parcel other than the Cherokee property is a Department of Corrections' half-way house on the southwest corner. The remaining property near the Cherokee parcel includes a commercial building used by the telephone company, a restaurant, and several parking lots. South of 8th Avenue, the neighborhood is filled with bars and restaurants. Thus, the Cherokee property is on the northern edge of an expanding wet district, and the church has full view of this area. At the public hearings, the parishioners were the primary opponents of the rezoning petition.
The trial court misconstrued the test in Snyder that distinguishes legislative action from quasi-judicial action. The rezoning of a single parcel is not quasi-judicial merely because *620 the neighborhood is sparsely populated or its residents unconcerned. Nor is it legislative simply because the neighborhood is densely populated with residents who are upin-arms. The test is whether the city council's decision on the petition formulates a "general rule of policy" and, thus, will affect many people, or whether it merely applies an existing general rule of policy to a specific parcel. Snyder, 627 So.2d at 474. There is nothing in this sparse record establishing the City Council formulated any general rule of policy when it voted to deny Cherokee's petition for wetzoning. Accordingly, the trial court erred when it granted the City's motion to dismiss.
The denial of the wetzoning petition in this case is similar to the denial of a site plan in Park of Commerce Associates v. City of Delray Beach, 636 So.2d 12 (Fla.1994), which the supreme court treated as quasijudicial. See also Martin County v. Yusem, 664 So.2d 976 (Fla. 4th DCA 1995) (specific application to amend comprehensive plan affecting single parcel is quasi-judicial), review granted, 678 So.2d 339 (Fla.1996). Nevertheless, in granting this petition, we do not declare that the City Council's action was quasi-judicial, nor do we assess the evidence supporting its decision. We simply quash the trial court's dismissal of Cherokee's petition because the City has failed to establish on this record that the petition could be dismissed because the City Council's decision was legislative. On remand, the trial court should reinstate the petition and conduct further proceedings consistent with this opinion.
Petition for writ of certiorari granted, order of dismissal quashed, and cause remanded with directions.
PARKER, A.C.J., and PATTERSON, J., concur.