893 So.2d 664 (2005)
David PARESKY, Appellant,
v.
MIAMI-DADE COUNTY BOARD OF COUNTY COMMISSIONERS, et al., Appellees.
No. 3D04-1479.
District Court of Appeal of Florida, Third District.
February 16, 2005.
*665 Burlington, Weil, Schweip, Kaplan Blonsky, Robert K. Burlington and Susan E. Mortensen, Miami, for appellant.
Robert A. Ginsburg, County Attorney, and Dennis A. Kerbel, Assistant County Attorney, for appellee Miami-Dade County.
Greenberg Traurig, Boca Raton, Alan T. Dimond, Elliot H. Scherker, Miami, and Daniel M. Samson, for appellee Fisher Island Holdings LLC.
Before COPE, CORTINAS, and ROTHENBERG, JJ.
PER CURIAM.
The plaintiff below, David S. Paresky, appeals from the trial court's order granting the defendants' motion to dismiss and motion for partial summary judgment. We affirm.
In the underlying action, Paresky filed a two-count complaint seeking declaratory relief. In Count 1, Paresky sought a declaration that Section 33-311(A)(4)(b) of the Code of Miami-Dade County was unconstitutional and that the parking non-use variances approved pursuant to the ordinance were unconstitutional. In Count 2, Paresky sought a declaration that the omissions of the variances in the 1989 Resolution were not "scrivener errors" and that the 1989 Resolution could not be changed without the approval of the Miami-Dade County Commission.
The trial court dismissed Count 1 finding that it was barred by the statute of limitations because the resolution at issue in this case was adopted on March 9, 1989, and this declaratory action was brought beyond the four-year statute of limitations. The trial court further found that plaintiff was estopped from alleging, as he did in Count 2, that the errors in 1989 Resolution were not scrivener errors based on the fact that he received a quasi-judicial hearing from the Miami-Dade County Commission on April 26, 2001, and subsequent appellate review from the circuit court and this court. The plaintiff's appeal follows.
With respect to Count 1, this court finds that the claim is time-barred as the appellant's statute of limitations period began to run in 1989, when the Resolution was first enacted, or, at the latest, when development commenced under the 1989 Resolution. Accordingly, we affirm the trial court's ruling that the appellant's declaratory judgment action was time-barred. Hollywood Lakes Section Civic Ass'n, Inc. v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996).
With respect to Count 2, this court finds that the doctrine of collateral estoppel applies. Under Florida law, collateral estoppel applies when the identical issue has been litigated between the same parties and the particular matter was fully litigated and determined in a contest that *666 results in a final decision of a court of competent jurisdiction. Gentile v. Bauder, 718 So.2d 781, 783 (Fla.1998); Dep't of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906, 910 (Fla.1995).
There is no dispute that the prior litigation and instant case involve the same parties and the identical issue. The parties disagree on whether or not the appellant was afforded a full and fair adjudication of his claim by a court of competent jurisdiction. We believe he was as the appellant received a quasi-judicial hearing before the Miami-Dade County Commission and appellate review by the circuit and district courts. The appellant's certiorari review in the circuit court required consideration of whether the agency decision was supported by competent, substantial evidence. Fla. Power & Light v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000). Although the appellant's claims were rejected by the circuit and district courts without a written opinion, the fact remains that the identical claims raised herein were previously litigated. Accordingly, the appellant is barred from re-litigating them through a declaratory judgment action.
Affirmed.