IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PHH MORTGAGE CORPORATION,

    Appellant/Cross-Appellee,

v.

Case No. 5D21-1377
LT Case No. 2019-CA-868-A

ERIC V. SCHREIBER A/K/A ERIC
SCHREIBER AND KATHY
SCHREIBER,

    Appellees/Cross-Appellants.

_____/

Opinion filed July 15, 2022

Appeal from the Circuit Court
for Citrus County,
Carol A. Falvey, Judge.

Michael Smith, of Burr &
Forman LLP, Orlando, for
Appellant/Cross-Appellee.

David La Croix, McAlpin, for
Appellees/Cross-Appellants.

PER CURIAM.

In this second foreclosure action between the same parties, PHH Mortgage Corporation ("Lender") appeals a final judgment entered in accordance with an order granting summary judgment in favor of Eric and Kathy Schreiber ("Borrowers"). We affirm. The trial court correctly concluded that collateral estoppel barred re-litigation of the issue of whether Lender complied with HUD regulations before initiating foreclosure because that same issue was previously litigated by the same parties and decided in the prior case. *See, e.g.*, *Paresky v. Miami-Dade Cnty. Bd. of Cnty. Comm'rs*, 893 So. 2d 664, 665–66 (Fla. 3d DCA 2005) ("[C]ollateral estoppel applies when the identical issue has been litigated between the same party and the particular matter was fully litigated and determined in a contest that results in a final decision of a court of competent jurisdiction.").[1]

In their cross appeal, Borrowers argue that the trial court erred by not forever barring the Lender from seeking to foreclose on the subject mortgage. This argument is without merit:

---

[1] We agree with Lender that the trial court erred in concluding that the second foreclosure action was barred by res judicata. *See, e.g.*, *Provident Funding Assoc., L.P. v. MDTR*, 257 So. 3d 1114, 1119 (Fla. 2d DCA 2018) (holding second foreclosure complaint alleging default period overlapping alleged default period in first foreclosure case not barred by res judicata because second default period included more recent defaults).

When a mortgage foreclosure action is involuntarily dismissed pursuant to Rule 1.420(b), either with or without prejudice, the effect of the involuntary dismissal is revocation of the acceleration, which then reinstates the mortgagor's right to continue to make payments on the note and the right of the mortgagee, to seek acceleration and foreclosure based on the mortgagor's subsequent defaults.

*Bartram v. U.S. Bank, N.A*., 211 So. 3d 1009, 1012 (Fla. 2016).

AFFIRMED.

EVANDER and HARRIS, JJ., concur.

SASSO, J., concurs in result only with opinion.

SASSO, J., concurring in result.

I agree with the result reached by the majority, but for a different reason. Although Lender correctly asserts this action was not barred by res judicata because it alleged a different default period, Lender failed to challenge the court's reliance on collateral estoppel as a basis for summary judgment. As a result, Lender has abandoned any argument as to whether the court properly applied the collateral estoppel defense. *See Doe v. Baptist Primary Care, Inc.*, 177 So. 3d 669, 673 (Fla. 1st DCA 2015) ("A trial court's decision is presumed correct, thus an appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue." (internal citations omitted)). With that alternative basis for affirmance uncontested, I agree the final judgment should be affirmed.